## DARBY *v.* MILLER.

The evidence in the justice's court demanded a finding in favor of the plaintiff against the defendant; and the jury having returned a contrary finding, the judge of the superior court should have sustained the certiorari, and remitted the case to the justice's court for a new trial.

Submitted December 17, 1902. — Decided January 10, 1903.

Certiorari.   Before Judge Roberts.   Montgomery superior court. May 2, 1902.

*W. M. Lewis,* for plaintiff.

LITTLE, J.   Darby sued out a writ of certiorari for the purpose of setting aside the verdict of a jury in a justice's court, in a suit in which he was plaintiff against Miller.   The justice in whose court the case was tried duly answered; and it appears from this answer that on the trial in the justice's court Darby testified that Miller was indebted to him in the sum of $19.95, and gave him an order for its payment on A. Johnson & Bro.; that A. Johnson, the senior member of that firm, refused to accept the order or to pay it; that plaintiff communicated this fact to Miller; but that neither he nor Johnson ever paid it, and the amount is still due and unpaid.  A. Johnson also testified for the plaintiff, that Darby informed him that he had an order on his firm, drawn by Miller; that he declined to accept that order, and his firm never paid it; that they had never had any settlement with Miller, and would not accept any of his orders; that the firm owed Darby for sawing timber, and they gave him a draft for about $275 in part payment of what the firm owed him for sawing; that the order of Miller was not included in this draft; that the draft, however, was not paid. Another witness also testified that he heard Miller say that he owed Darby the amount of the order, and desired to pay it in certain specifics, if Darby would accept it.   The evidence of Miller was to the effect that he gave the order to Darby, and that, according to his recollection, Darby subsequently told him that he had gotten the order included in a draft given him by Johnson & Brother, and that he was sure of his money, etc.   It had been some years since he gave the order, and he did not remember positively that Darby said he had included the order in his draft, but to the best of his recollection he had said so.   He supposed it was paid by Johnson,

although he never said anything to Johnson about it. He could not say that it was paid. Another witness for the defendant testified that he had heard Darby say, some time after the order was given, that he had it included in the draft that was given him for sawing. Darby further testified that he had never said that the order was included in the draft; that what he did say was that he had gotten a draft for his bill for sawing; that the draft was only in part payment of what Johnson & Brother owed him; that neither Johnson & Brother nor Miller had ever paid Miller's indebtedness to him; and that Miller had never denied owing it till the present time. The above embodies the substance of the evidence on the trial before the jury in the justice's court. On the hearing of the certiorari in the superior court the judge overruled the same, and affirmed the judgment rendered in the justice's court, and Darby excepted.

We think the trial judge erred in overruling the certiorari. The question was whether or not Miller, either directly or through Johnson & Brother, had paid the debt which it was not disputed he certainly at one time owed Darby. The evidence introduced on the part of the plaintiff clearly and distinctly rebutted the fact of such payment, while the evidence of the defendant only went to the extent of showing that Darby said that he had gotten the same included in the amount of a draft which Johnson & Brother had given him in payment of a bill which they owed the plaintiff. If the witnesses for the plaintiff are to be believed (and, so far as the record shows, no attempt to impeach them was made), Miller still owes Darby the amount of his original bill. No witness testified that the bill had been paid; on the contrary, each one who knew anything of the facts was positive that it had not been. Under this evidence a verdict was demanded for the plaintiff. The court should have sustained the certiorari; and as the final result of the case depends on the ascertainment of the question whether or not the account had been paid, it should have been remitted to the justice's court for a new trial.

*Judgment reversed. All the Justices concurring, except Lumpkin, P. J., absent.*